# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LENORA COUSIN, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 12-241** |
| | * | |
| **DIABETES MANAGEMENT AND SUPPLIES, ET AL.** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court are a Motion to Remand (R. Doc. 14) and a Motion for leave to file an amended complaint (R. Doc. 13) filed on behalf of Plaintiffs. The Court, having reviewed the submitted memoranda and the applicable law, now issues this Order and Reasons.

## I. BACKGROUND

This case arises out of alleged personal injuries sustained as a result of defective medical products. Plaintiffs Leslie and Lenora Cousin filed suit in state court on December 14, 2011, against defendants Lifescan, Inc. ("Lifescan"), Johnson & Johnson, and/or Diabetes Management and Supplies, LLC ("DMS"), alleging that all defendants "manufactured and supplied" a "OneTouch Ultra Blood Glucose Meter" and blood glucose meter test strips, which Plaintiff Leslie Cousin, a diabetic, used. (R. Doc. 1-1). Plaintiffs allege that, on the morning of December 18, 2010, Mr. Cousin checked his blood glucose several times with his OneTouch meter and strips. Each time, his readings were in the 400 range, which dictated a certain dosage of Mr. Cousin's diabetes medication. According to Plaintiffs, this 400 range reading was inaccurate, causing Mr. Cousin to overdose on his medication and suffer severe and permanent damage to his health, including falling into a diabetic coma.

Plaintiffs allege that Defendants manufactured the unreasonably dangerous and defective glucose strips and meter and specifically assert liability for defective design, defective

1

manufacture, and negligent failure to warn.  Mr. Cousin seeks both general and specific damages, including: past, present, and future medical expenses; past, present, and future lost wages, earnings, and income; loss of earning capacity; physical pain and suffering; physical injury and disability; emotional pain, suffering, and anguish; loss of enjoyment of life; out of pocket expenses; and other damages.  *Id*.  Mrs. Cousin seeks damages for loss of consortium.  *Id*.  Plaintiffs also include in their complaint a jury request.

On January 25, 2012, Defendants filed a Notice of Removal asserting federal jurisdiction on the basis of diversity of citizenship.  (R. Doc. 1).  Subsequently, Defendants filed answers.  *See* (R. Docs. 4, 6).  Plaintiffs attempted to file an amended Complaint/Petition on February 10, 2012, but this document was rejected by the Clerk because Plaintiffs did not seek and obtain leave of Court.  Plaintiffs then filed the instant Motion for leave to amend their Complaint on February 15, 2012.  (R. Doc. 13).  Plaintiffs' proposed pleading adds survival and wrongful death claims on behalf of Lolita Cousin Burrell, the daughter of Mr. and Mrs. Cousin, because Mr. Cousin is now deceased.  The proposed pleading also purports to clarify Plaintiffs' petition by adding references to Louisiana's law of redhibition.

Plaintiffs filed the instant Motion seeking remand on February 23, 2012.  (R. Doc. 14).  After holding a status conference to discuss the pending Motions, the Court directed the parties to conduct limited discovery on the jurisdictional issues, including the deposition of the owner of DMS, the non-diverse defendant.  The deposition took place on August 7, 2012.  Thereafter, the parties sought and obtained leave to file supplemental memoranda.  (R. Docs. 33, 38, 39).

## II.  PRESENT MOTIONS

### A. Plaintiffs' Motion to Remand to State Court (R. Doc. 14)

In their Motion to remand, Plaintiffs argue that this Court lacks subject matter jurisdiction.  There appears to be no dispute among the parties that this Court cannot exercise

jurisdiction based on the existence of a federal question because all claims arise under state law. Plaintiffs argue that this Court lacks diversity jurisdiction because there is a lack of complete diversity – both the Plaintiffs and DMS are residents of Louisiana – and because DMS was properly joined. Second, Plaintiffs argue that the case was improperly removed because DMS did not consent to removal. In support of this contention, Plaintiffs point to the Notice of Removal, in which Defendants state that DMS did not consent to the removal and that such consent was not necessary. Finally, Plaintiffs argue that the Defendants have not met their burden of proof as to the timeliness of the filing of their Notice of Removal because they merely assert that they received service on December 27, 2011. Plaintiffs assert that they forwarded the summons and complaint via certified mail on December 22, 2011; given the fact that Defendants filed their Notice of Removal on January 25, 2012, Plaintiffs argue this possible procedural defect requires remand.

On September 24, 2012, Plaintiffs filed a supplemental memorandum in support of their Motion. In it, Plaintiffs argue that the deposition of Cynthia L. Pazos, the owner of DMS, confirms that DMS was properly joined because Louisiana law permits a claim against a seller who had actual or constructive knowledge of a defect in a product manufactured by another. Plaintiffs argue implicitly that the Court should look to the allegations in the amended Complaint, which they seek leave to file, for "clarif[ication]" of the claims at issue. Plaintiffs also urge the Court to "note that plaintiffs' original petition was filed prior to conducting any meaningful discovery." (R. Doc. 33, at 5).

Lifescan and Johnson & Johnson filed memoranda in opposition to Plaintiffs' Motion, in which DMS joined. (R. Docs. 19, 20, 38, 39). Defendants argue that DMS was not properly joined because the deposition of DMS's owner confirms that DMS did not manufacture the testing products as alleged in Plaintiffs' petition. Defendants argue further that, because DMS

3

was not properly joined, DMS's consent was not necessary for removal. Finally, Defendants argue that the record supports the timeliness of their filing of the Notice of Removal because the earliest service record is January 3, 2012.

## III. LAW AND ANALYSIS

### A. Plaintiffs' Motion to Remand to State Court (R. Doc. 14)

As a preliminary matter, the Court must address the alleged basis for subject matter jurisdiction in this Court. As stated above, the parties do not dispute that this case arises solely under state law and that there is no basis for the exercise of federal question jurisdiction.

#### 1. Diversity jurisdiction

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the first-served defendant's receipt of the initial pleading or summons in which a removable issue is raised. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1998). Under the "rule of unanimity" established by Fifth Circuit jurisprudence, all defendants are required to join in the notice of removal within the thirty-day period. *Id.* at 1262. Although the thirty-day time limit is not jurisdictional, it is mandatory and therefore strictly construed. *Id.* at 1263. When a party makes a timely motion to remand asserting a procedural defect, remand is required. *See Thompson v. Louisville Ladder Corp.*, 835 F. Supp. 336, 339-40 (E.D. Tex.1993).

In a multiple defendant case, the consent must be made by each defendant itself. *Getty Oil*, 841 F.2d at 1262 n.11. "This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Id*

In the instant case, there is no dispute as to DMS's lack of consent to the suit's removal to this Court. The Defendants assert, however, that there is no need for unanimous consent to

removal here because they claim that DMS has been improperly joined.

A removing defendant may establish that a non-diverse defendant was improperly joined by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *Id.* (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Because the doctrine of improper joinder is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* In order to show that a plaintiff is unable to establish a cause of action against the non-diverse defendant, a defendant claiming improper joinder must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *C.S. Gaidry, Inc. v. Union Oil Co. of Cal.*, 2009 WL 2765814, at *2 (E.D. La. Aug. 27, 2009) (Vance, J.) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

The Court may use two different methods to assess the viability of a plaintiff's claim against the non-diverse party. *Id.* First, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (quoting *Smallwood*, 385 F.3d at 573). Such analysis will typically be determinative. *Id.* Nevertheless, if it is apparent that the plaintiff has "misstated or omitted" determinative facts that would establish whether joinder was proper or improper, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (quoting *Smallwood*, 385 F.3d at 573). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). Additionally, the Court must resolve all ambiguities of state law

in favor of the non-removing party.  *Id.*

Here, the Court directed the parties to conduct discovery as to DMS's status as a manufacturer of the testing products as alleged in the Plaintiffs' petition.  The Pazos deposition confirms, and Plaintiffs do not materially dispute, that DMS had no role in the manufacture of the allegedly defective products.  *See* La. Rev. Stat. Ann. § 9:2800.53(1)(a)-(d) (defining a "manufacturer" under the Louisiana Products Liability Act ("LPLA")).  The petition's repeated references to all Defendants, including DMS, as "manufacturers," and its lack of any prayer for the relief afforded under the redhibition articles, evince that the petition includes only claims brought under the LPLA.  Accordingly, it appears that DMS has been improperly joined.

Plaintiffs seek to direct the Court's attention to their proposed amended Complaint.  The Motion for leave to file the amended pleading is discussed further below; for purposes of this discussion, it is enough to note that, even if the Court allows the Plaintiffs to amend their Complaint, such an amendment can have no effect on this Court's jurisdiction.  Put simply, the amended Complaint does not enter the jurisdictional inquiry.  As the United States Court of Appeals for the Fifth Circuit has stated, "a complaint amended post-removal cannot divest a federal court of jurisdiction."  *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  Plaintiffs' reliance on their amended complaint is misplaced, and their arguments as to DMS's status under Louisiana's law of redhibition are unavailing because, as noted above, the original complaint contains no reference to a redhibition claim or to any claim other than one arising under the LPLA.

Accordingly, the Court finds that the Plaintiffs' petition does not contain allegations that state a claim for relief against DMS with a reasonable likelihood of success.  Therefore, the Court finds that DMS was improperly joined.  The Court further finds that the Notice of Removal was procedurally proper because the evidence indicates that the Notice was timely filed

and because the consent of DMS, an improperly joined party, was not necessary. Accordingly, the Court must deny Plaintiffs' Motion to remand the suit to state court and dismiss DMS as an improperly joined party. *See* Fed. R. Civ. P. 21.

**B. Plaintiffs' Motion to Amend their Complaint**

Under Federal Rule of Civil Procedure 15(a), pleadings may be amended once as a matter of course before a responsive pleading is served, and thereafter with the Court's permission. Fed. R. Civ. P. 15(a). The rule provides that such leave "shall be freely given when justice so requires." *Id.* "However, it is by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir.), *cert. denied*, 454 U.S. 1098 (1981). "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The decision to grant leave "is entrusted to the sound discretion of the district court." *Id.* Supplemental pleadings with reference to events occurring after the date of the pleading to be supplemented also require leave of court. Fed. R. Civ. P. 15(d).

Here, the Court finds that the interests of justice are best served by granting the requested leave as to the wrongful death and survival claims against Lifescan and Johnson & Johnson. However, the proffered amending and supplemental complaint includes claims against DMS, which, as discussed above, is a non-party to this action. The Court recognizes that it could not exercise diversity jurisdiction over any claims Plaintiffs may wish to assert against non-party DMS. Accordingly, the Court will allow Plaintiffs to supplement their complaint to add their wrongful death and survival claims, but the Court will not grant Plaintiffs leave to amend their complaint to add claims against non-party DMS. The Court will allow Plaintiffs, within ten

7

business days, to file a supplemental and amended pleading that states all claims against Lifescan and Johnson & Johnson but omits all claims against non-party

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand (R. Doc. 14) be and is hereby **DENIED**. **IT IS FURTHER ORDERED** that Defendant Diabetes Management and Supplies, LLC be and is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Plaintiffs' First Supplemental and Amending Complaint (R. Doc. 13) be and is hereby **GRANTED IN PART AND DENIED IN PART**. **IT IS FURTHER ORDERED** that Plaintiffs shall have ten business days from the date of this Order and Reasons in which to file a Supplemental and Amending Complaint in accordance with this Order and Reasons.

New Orleans, Louisiana, this 15th day of January, 2013.

UNITED STATES DISTRICT JUDGE